# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                           3:00cr71/LAC
                                                                                   3:06cv290/LAC/MD

**TIMOTHY SHANE WATTS**

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 146). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." After a review of the record, it is the opinion of the undersigned that the motion must be summarily dismissed as successive.

**BACKGROUND and ANALYSIS**

Defendant was charged in a six count superseding indictment with 1) conspiracy to manufacture/possess methamphetamine; 2) attempt to manufacture methamphetamine on a date certain; 3) attempt to possess methamphetamine on the same date; 4) possession of methamphetamine on a different date; 5) using and carrying a firearm in furtherance of drug trafficking activity on the date specified in count 4. Defendant was represented by appointed counsel. Following a jury trial at which defendant did not testify, he was convicted as charged. Co-defendant Watters was among the many witnesses who

testified against defendant at the trial. He was sentenced to a term of 169 months imprisonment on counts 1, 2, 3, 4, and 6 and a consecutive term of 60 months imprisonment on count 5. Defendant appealed, claiming that he was deprived of a fundamentally fair trial as a result of four errors: 1) his guilty verdict resulted from ineffective assistance of counsel; 2) the guilty verdict was improperly influenced by his appearance before the jury in prison garb; 3) the court improperly failed to inquire about the effect of pretrial publicity when choosing the jury; and 4) the government procured favorable testimony from a witness by threatening her with the loss of her child. (Doc. 92 at 2). The Eleventh Circuit found the allegations of error to be unsupported and that the alleged errors, either individually or cumulatively, did not warrant a new trial. His convictions and sentence were affirmed on September 14, 2001. (Doc. 92).

Defendant filed a § 2255 motion, through counsel on September 16, 2002, raising three grounds for relief: 1) ineffective assistance of counsel; 2) denial of due process of law; and 3) denial of equal protection of the law. This court noted in its recommendation that the motion be denied that:

> Although the motion was prepared by counsel, it contains no legal argument in support of the professed grounds for relief. Defendant's statement of facts in support of his claim is nothing more than a recitation of the procedural history of the case and what occurred at trial. In its reply, the government notes the deficiencies in the defendant's motion, and makes a concerted effort to respond to what it surmises to be a claim of conflict of interest and improper disclosure of information. The defendant has filed a reply in which he faults the completeness of the government's response and for the first time attempts to provide legal argument in support of his allegations.

(Doc. 103 at 2). The district court adopted this court's recommendation and denied the defendant's motion to vacate on August 13, 2003. (Doc. 106). Defendant filed a notice of appeal, and his request for a certificate of appealability was denied. (Doc. 111). Defendant filed pleadings seeking to remove his attorney as counsel of record (doc. 122) and for leave to file an amended supplemental § 2255 motion which were both returned as deficient. (Doc. 123). When he re-filed the motion to amend his § 2255 motion out of time due to extraordinary circumstances it was denied. (Doc. 126 & 127). The Eleventh

Circuit denied his request for a certificate of appealability in December of 2003. (Doc. 138 & 140).

In January of 2006, defendant filed a motion to eliminate enhancements and reduce sentence, which was denied. (Doc. 142 & 144). He filed the instant motion to vacate and a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(3) on July 3, 2006. It is post-conviction counsel's allegedly inadequate performance that is the subject of the Rule 60(b)(3) motion that defendant apparently seeks to use to circumvent the limitation on filing second or successive motions pursuant to 28 U.S.C. § 2255.

Defendants do not have the absolute right to file successive § 2255 motions, but they are not completely precluded from doing so either. However, before a second or successive motion for § 2255 relief may be considered by the district court, the defendant shall obtain from the appropriate court of appeals an order authorizing the district court to consider the successive motion. 28 U.S.C. § 2244(b)(3) and § 2255; *Felker v. Turpin,* 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Defendant's latest motion must be dismissed, as he has not obtained the necessary authorization from the Eleventh Circuit Court of Appeals to file a second or successive motion. *In re Joshua*, 224 F. 3d 1281, 1283 (11th Cir. 2000).

In addition, the instant motion, filed nearly three years after the initial motion was denied, is facially untimely. Title 28 U.S.C. § 2255 imposes a one year time limitation on the filing of motions under this section. The one year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

None of the exceptions to the one year statute of limitations appear to apply to defendant's claim. And, even if his allegations of post-conviction counsel's ineffectiveness are accepted as true, this is not the sort of "mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, etc." that Rule 60(b) was designed to correct. This is particularly so when the facts of counsel's alleged misconduct or fraud were or could have been known to the defendant nearly three years ago.

Accordingly, it is respectfully RECOMMENDED:

Defendant's motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(3) (doc. 147) be DENIED, and

Defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 146) be summarily DISMISSED pursuant to 28 U.S.C. § 2244(b)(3).

At Pensacola, Florida, this 6th day of July, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; Local Rule 27(B); *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:00cr71/LAC; 3:06cv290/LAC/MD*